**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE: CHAPTER 7

**JOHN ADAM KOZAK,** **CASE NO. 24-04051-PWM**

Debtor.

**NOTICE OF SUBPOENA TO**
**AMERICAN EXPRESS NATIONAL BANK**

PLEASE TAKE NOTICE that on September 23, 2026, the undersigned served the attached subpoena to American Express National Bank via Certified Mail, Return Receipt Requested, as follows:

American Express National Bank
Attn: Officer/Managing Agent
115 W Towne Ridge Pkwy
Sandy, UT 84070

and via United States First Class mail as follows:

American Express National Bank
c/o Becket & Lee LLP
PO Box 3001
Malvern, PA 19355-0701

American Express National Bank
43 Butterfield Circle
El Paso, TX 79906

This the 23rd day of September, 2026

/s/ George F. Sanderson III
George F. Sanderson III
N.C. Bar No. 33054
THE SANDERSON LAW FIRM, PLLC
P.O. Box 6130
Raleigh, NC 27628
(984) 867-9300
george@georgesandersonlaw.com
*Counsel for the Chapter 7 Trustee*

CERTIFICATE OF SERVICE

I, George F. Sanderson III of THE SANDERSON LAW FIRM, PLLC hereby certify:

That I am, and all time hereinafter mentioned was, more than eighteen (18) years of age;

I hereby certify that on September 23, 2026 a true and correct copy of the foregoing was served via United States First Class mail, postage prepaid, on the following:

John Adam Kozak
308 Arborhill Lane,
Holly Springs, NC 27540
*Debtor*

and via CM/ECF as follows:

Brian Behr
*United States Bankruptcy Administrator*

And on all other parties receiving notices via CM/ECF

This the 23rd day of September, 2026.

/s/George F. Sanderson, III
George F. Sanderson, III
N.C. Bar No. 33054
THE SANDERSON LAW FIRM, PLLC
P.O. Box 6130
Raleigh, NC 27628
Telephone: (984) 867-9300
george@georgesandersonlaw.com
*Counsel for the Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

Eastern District of North Carolina

In re John Adam Kozak
Debtor

(*Complete if issued in an adversary proceeding*)

Plaintiff
v.

Defendant

Case No. 24-04051-5-PWM

Chapter 7

Adv. Proc. No. ________________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: American Express National Bank
(*Name of person to whom the subpoena is directed*)

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Document Request Ordered in Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| The Sanderson Law Firm, 2609 Atlantic Avenue, Suite 215,Raleigh, NC 27604 | 10/16/26 5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/23/26

CLERK OF COURT

OR /s/ George F. Sanderson III

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) George F. Sanderson Trustee , who issues or requests this subpoena, are:
George F. Sanderson III, P.O. Box 6130, Raleigh, NC 27628, george@georgesandersonlaw.com, 984.867.9300

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ____________________________________________
on *(date)* __________ .

☒ I served the subpoena by delivering a copy to the named person as follows: __________________________________
______________________________________________________________________________________________
________________________________ on (*date*) __________________ ; or

☐ I returned the subpoena unexecuted because: _________________________________________________________
______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_____________________________________________
*Server's signature*

_____________________________________________
*Printed name and title*

_____________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**SO ORDERED**

**SIGNED this 22 day of September, 2026.**

**Pamela W. McAfee**
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| **JOHN ADAM KOZAK,** | **CASE NO. 24-04051-5-PWM** |
| Debtor. | |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR RULE 2004 PRODUCTION OF DOCUMENTS FROM AMERICAN EXPRESS NATIONAL BANK**

This matter comes before the Court on the motion of George F. Sanderson III, the Chapter 7 Bankruptcy Trustee for the Bankruptcy Estate of John Adam Kozak ("Trustee"), for an order compelling production of documents from American Express National Bank. For good cause shown, the Trustee's motion is GRANTED. The Court ORDERS as follows:

1. American Express National Bank shall produce the following documents for the time period from January 1, 2020 to November 20, 2024:

a. All statements for all accounts of John Adam Kozak including joint and sub accounts, including, without limitation, the accounts ending in x2004 (Stellar Beach Rental) and x1003 (Stellar Beach Realty) to the extent that any such account had activity during the specified time period.

b. All card agreements and statements of terms and conditions in effect during the specified time period for all accounts of John Adam Kozak including joint and sub accounts, including, without limitation, the accounts ending in x2004 (Stellar Beach Rental) and x1003 (Stellar Beach Realty).

c. All statements and documents related to the accumulation and usage of Membership Rewards Points for all accounts of John Adam Kozak including joint and sub accounts, including, without limitation, the accounts ending in x2004 (Stellar Beach Rental) and x1003 (Stellar Beach Realty) to the extent that any such account had activity during the specified time period.

2. American Express National Bank shall produce the documents indicated above for examination and copying at the offices of The Sanderson Law Firm, PLLC, 2609 Atlantic Avenue, Suite 215, Raleigh, NC 27604 within twenty-one (21) days after entry of the Order allowing this request, or such later date as may be designated by the Trustee.

**END OF DOCUMENT**